IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

Jolene Smart, as Personal Representative of
the Estate of Michele Fowner, Decedent, and
Andrew Ray Fowner, Individually,

       Plaintiffs,

vs.                                                  Civil No.

The United States of America,

       Defendant.

**COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH**

Come now the Plaintiffs, Jolene Smart, as Personal Representative of the Estate of Michele Fowner, Decedent; and Andrew Ray Fowner, Individually, and hereby complain of the Defendant, The United States of America, as follows:

**INTRODUCTION**

1.     At all times hereinafter mentioned, Plaintiff, Jolene Smart, is the duly appointed Personal Representative of the Estate of Michele Fowner, Decedent, who died on July 22, 2015.

2.     At all times hereinafter mentioned, Plaintiff, Andrew Ray Fowner, was the lawful husband of decedent, Michele Fowner, having been married on February 15, 1980, in Los Alamos, New Mexico.

3.     At all times hereinafter mentioned, First Choice Community Healthcare operated a medical facility located at 8 Medical Center Road, Edgewood, New Mexico 87015.

4.     Upon information and belief, and at all times hereinafter relevant, the primary purpose of First Choice Community Healthcare was to provide health and medical services to members of the public.

5. At all times hereinafter mentioned, Lisa Fowles, PA-C, was a physician's assistant employed by First Choice Community Healthcare in Edgewood, New Mexico, and was engaged in triaging, examining, diagnosing and treating patients of that clinic.

6. At all times hereinafter mentioned, and upon information and belief, Lisa Fowles, PA-C, was an employee of the Public Health Service, a federal agency.

7. At all times hereinafter, First Choice fell within the auspices and control of the U.S. Department of Health & Human Services, thereby making the United States of America (USA) the proper defendant in this action.

8. Decedent Michele Fowner was, at all times relevant, a resident of Edgewood, New Mexico, a community located in Santa Fe County, New Mexico.

9. The location at which Decedent Michele Fowner resided was a rural area with a history of the plague.

10. Plague is a bacterial disease transmitted by fleas found on rodents.

11. Plague is treatable and curable if diagnosed and properly treated in a timely fashion.

12. On July 20, 2015, decedent Michele Fowner presented to First Choice and was seen by Lisa Fowles, PA-C. Ms. Fowner's chief complaints were "chills, nausea, vomiting, clammy, hot and cold alternating, cold sweats."

13. Decedent Michele Fowner stated that she felt nauseous and vomited once Friday night. She also had diarrhea for three days.

14. Decedent Michele Fowner stated that she was "sweating so bad at night, clothes and bedding wet."

15. Decedent Michele Fowner advised Ms. Fowles that she had "never had this before."

16. Lisa Fowles, PA-C, recorded Michele Fowner's temperature as 98.2, her heart rate at 109, and her blood pressure at 90/60.

17. The aforementioned vital statistics are signs of sepsis and septic shock.

18. Lisa Fowles, PA-C, mis-diagnosed decedent Michele Fowner with gastroenteritis. Decedent Michele Fowner actually had plague.

19. Lisa Fowles, PA-C, did not order routine blood tests or any other tests on July 20, 2015, the result of which would have led to the discovery that decedent Michele Fowner was suffering from a bacterial infection. This, in turn, would have led her physicians to determine through additional tests that she was suffering from plague and would have given her the opportunity to receive appropriate treatment.

20. Decedent Michele Fowner left First Choice on July 20, 2015, having been diagnosed with gastroenteritis.

21. On July 22, 2015, decedent Michele Fowner returned to First Choice. She had similar symptoms to July 20, 2015, but now had shortness of breath, could not hold down water or food, and had wheezes in her lungs.

22. Decedent Michele Fowner was advised to go to the emergency room for further evaluation and treatment due to hypoxia, shortness of breath and the worsening of her condition.

23. Decedent Michele Fowner was taken by ambulance to Presbyterian Hospital in Albuquerque, New Mexico.

24. Decedent Michele Fowner was given blood tests and underwent other diagnostic studies upon her arrival at Presbyterian Hospital. She was diagnosed with acute respiratory failure, hypoxia or hypercapnia, community acquired pneumonia, septic shock and acute kidney injury.

25. Despite efforts to treat and save decedent Michele Fowner's life, she died on July 22, 2015.

26. An autopsy was performed by the University of New Mexico Health Sciences Center, Office of Medical Investigation. The cause of death was found to be Yersinia pestus septicemia, otherwise known as the plague.

27. Decedent Michele Fowner's actions and conduct were, at all times hereinafter relevant, reasonable and appropriate.

28. Decedent Michele Fowner's family members' actions and conduct were, at all times hereinafter relevant, reasonable and appropriate.

29. Had decedent Michele Fowner been properly tested and diagnosed on July 20, 2015, when she presented at First Choice, she would have received appropriate treatment and would have survived.

30. This action is one for the wrongful death of Michele Fowner and is brought pursuant to federal statute and the New Mexico Wrongful Death Act, § 41-2-1 et seq., NMSA 1978 (2015 Repl. Supp).

31. Plaintiffs timely filed a Form 95 with the U.S. Department of Health and Human Services, and that claim has been denied pursuant to 28 USCS § 2675.

32. This action is also filed pursuant to 42 USCS § 233, in that a negligent person, Lisa Fowles, was an employee of the Public Health Service, and was acting within the scope of her employment on July 20, 2015, at the time she examined and diagnosed decedent Michele Fowner.

33. This action is properly brought against the United States of America pursuant to 28 USCS § 2674.

34. Plaintiff, Jolene Smart, is the proper person to bring this action on behalf of the Estate of Michele Fowner.

35. The United States District Court for the District of New Mexico has jurisdiction over the subject matter and parties to this action.

## FIRST CAUSE OF ACTION
### Medical Negligence

36. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 35, as if provided herein, in full.

37. Lisa Fowles, PA-C, owed decedent Michele Fowner the same duty that a physician, or physician's assistant practicing medicine in the State of New Mexico under similar circumstances, would have owed to her.

38. Lisa Fowles, PA-C, owed decedent Michele Fowner the ability to possess and apply the knowledge and to use the skill and care ordinarily used by well-qualified physician's assistants practicing under similar circumstances in similar localities such as Edgewood, New Mexico.

39. A well trained and qualified physician's assistant would have considered the locality in which decedent Michele Fowner resided.

40.     A well trained and qualified physician's assistant would have recognized that decedent Michele Fowner's signs and symptoms were potentially those of a person suffering from sepsis or from septic shock.

41.     A well trained and qualified physician's assistant would have, on July 20, 2015, instructed decedent Michele Fowner to go to a hospital emergency room to undergo blood tests and other diagnostic studies.  This would have determined the cause of her serious condition.

42.     Lisa Fowles, PA-C, failed to recognize that decedent Michele Fowner may have been septic or in septic shock on July 20, 2015.

43.     The failure to recognize that decedent Michele Fowner was septic or in septic shock on July 20, 2015, constituted a breach of the duty owed to decedent Michele Fowner and, therefore, was a breach of the applicable standard of care required of Lisa Fowles.  This constituted medical negligence.

44.     The failure to order blood tests and or other diagnostic studies on decedent Michele Fowner was a breach of the duty owed by Lisa Fowles to decedent Michele Fowner and, therefore, was a breach of the applicable standard of care.  This constituted medical negligence.

45.     As a result of the aforementioned medical negligence on the part of Lisa Fowles, decedent Michele Fowner died on July 22, 2015.

46.     As a further result of the medical negligence of Lisa Fowles, decedent Michele Fowner experienced pain and suffering from July 20, 2015, until her death on July 22, 2015.

47. As a further result of the medical negligence of Lisa Fowles, the Estate of Michele Fowner suffered damages in the form of pain and suffering experienced by the deceased between the time of injury and death, the loss of value of her life, her lost earning capacity, the value of the loss of household services, funeral and burial costs, the emotional distress experienced by family members, and the loss of consortium suffered by her husband, Andrew Fowner, Sr., as well as all other damages permissible under the New Mexico Wrongful Death Act.

48. The Defendant, United States of America, is liable to Plaintiffs for all damages sustained by decedent, Michele Fowner, and the Estate of Michele Fowner, set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendant, United States of America, for damages, including compensatory damages, cost of suit, interest allowable by law, and such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Lisa Fowles' Failure to Advise Decedent Michele Fowner to Seek Another Physician

49. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 48, as if provided herein, in full.

50. First Choice owed decedent a duty to provide reasonably well-qualified healthcare staff on July 20, 2015.

51. Lisa Fowles, PA-C, owed decedent Michele Fowner a duty to inform her that she needed to see a physician on July 20, 2015.

52. The failure to advise decedent Michele Fowner that a physician with other qualifications was needed constituted a breach of that duty and was, therefore, medical negligence.

53. As a result of Lisa Fowles' medical negligence, decedent Michele Fowner died on July 22, 2015.

54. As a further result of Lisa Fowles' medical negligence, Plaintiffs are entitled to all such damages set forth in paragraphs 46 and 47 above.

55. Defendant, United States of America, is liable to Plaintiffs for all such damages recoverable by Plaintiffs in this cause of action.

WHEREFORE, Plaintiffs demand judgment against Defendant, United States of America, for damages, including compensatory damages, cost of suit, and interest as allowable by law.

### THIRD CAUSE OF ACTION
### Negligent Staffing on the Part of First Choice

56. Plaintiffs repeat and reallege each and every allegation set forth above, as if provided herein, in full.

57. First Choice owed decedent Michele Fowner a duty to provide her with reasonably qualified medical staff who could make the determination as to the cause of her condition and order the appropriate tests necessary to do so.

58. First Choice committed a breach of the standard of care owed to decedent Michele Fowner by not assigning to her a physician rather than a physician's assistant.

59. This breach constituted medical negligence.

60. As a result of the aforementioned medical negligence, Michele Fowner died on July 22, 2015.

61. As a further result of First Choice's medical negligence, Plaintiffs are entitled to all such damages set forth in paragraphs 46 and 47 above.

62. Defendant United States of America is liable to Plaintiffs for all such damages recoverable under the New Mexico Wrongful Death Act, and those which were suffered by decedent Michele Fowner and the Estate of Michele Fowner.

WHEREFORE, Plaintiffs demand judgment against Defendant, United States of America, for damages, including compensatory damages, cost and interest allowable by law, and such other relief as the Court deems appropriate.

### FOURTH CAUSE OF ACTION
### Loss of Chance

63. Plaintiffs repeats and realleges each and every allegation set forth in paragraphs 1 through 62, as if provided herein, in full.

64. Had Lisa Fowles and or First Choice not been medically negligent as described in previous paragraphs, decedent Michele Fowner would have had a chance of a better outcome.

65. The medical negligence described in previous causes of action resulted in a lost opportunity for a better outcome or survival on the part of decedent Michele Fowner.

66. Defendant United States of America is liable to Plaintiffs for all the damages permissible under the Doctrine of "Loss of Chance" based upon the damages sustained in paragraphs 46 and 47 above.

### FIFTH CAUSE OF ACTION
### Loss of Consortium

67. Plaintiffs repeat and reallege each and every allegation set forth in the previous causes of action, as if provided herein in full.

68. At all times hereinafter mentioned, Plaintiff, Andrew Ray Fowner, was the lawful husband of decedent, Michele Fowner, having been married on February 15, 1980, in Los Alamos, New Mexico.

69. Plaintiff, Andrew Ray Fowner, and decedent had a loving and caring relationship from the date of their marriage until the time of the decedent's death.

70. As a result of the Defendant's negligence through its employee, as outlined and described above, Plaintiff, Andrew Ray Fowner, suffered emotional distress, loss of society, companionship, and sexual relations he enjoyed with decedent and, therefore, is entitled to all such damages permitted under the theory of loss of consortium.

71. Defendant is liable to Plaintiff, Andrew Ray Fowner, for loss of consortium he suffered as a result of the Defendant's negligence as set forth in previous causes of action.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages suffered as a result of consortium caused by the Defendant, for cost of suit, and such other relief the Court deems appropriate.

DUHIGG, CRONIN, SPRING & BERLIN, P.A.
Attorneys for Plaintiffs
P O Box 527
Albuquerque, NM 87103
(505) 243-3751

*/s/ David L. Berlin*